A92A2130. ADAMS et al. v. COWETA COUNTY et al.
(430 SE2d 599)

POPE, Chief Judge.

Edward F. Adams II and Joseph Thierry were injured and Barbara Jean Bell was killed when the truck in which they were riding struck a guardrail on the Andrew Bailey Road Bridge in Coweta County. Adams, by his next friend, Edward F. Adams, Thierry and Ms. Bell's mother ("plaintiffs") brought a multi-count complaint against defendant/appellees Coweta County, Coweta County Department of Public Works, John Doe Employees of Coweta County ("Coweta County") and others, contending, inter alia, that the guardrails on the bridge were negligently designed, installed, maintained and repaired. Coweta County filed a motion to dismiss on the basis of sovereign immunity and plaintiffs' failure to file an expert affidavit with their complaint as required by OCGA § 9-11-9.1. The trial court granted the motion, and plaintiffs timely filed their appeal to this court.

1. Plaintiffs first contend that the trial court erred in granting Coweta County's motion to dismiss on the issue of sovereign immunity. We agree. "[T]he ratification of the 1991 amendment to Art. I, Sec. II, Par. IX of the Ga. Constitution of 1983 'must have prospective effect only and does not act to withdraw any waiver of sovereign

immunity for actions pending on January 1, 1991, the amendment's effective date.' *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 54 (414 SE2d 638) [(1992)]. 'Under Georgia law, a waiver of sovereign immunity occurs at the time that the cause of action arises. *Donaldson*, supra. Therefore, sovereign immunity (is) waived to the extent of available insurance coverage as to any cause of action that accrued before the effective date of the constitutional amendment. The waiver was not withdrawn by the passage of the constitutional amendment and remains effective regardless of whether the action was filed before or after the effective date of the amendment.' *Curtis v. Bd. of Regents &c.*, 262 Ga. 226, 228 (416 SE2d 510) [(1992)]. In the case at bar, although the complaint was filed after the effective date of the statute, it has not been controverted that the cause of action accrued before January 1, 1991. Accordingly, the waiver of any existing defense of sovereign immunity has not been withdrawn in this case." *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 63 (424 SE2d 632) (1992). See also *Collier v. Whitworth*, 205 Ga. App. 758 (423 SE2d 440) (1992); *Rogers v. Sharpe*, 206 Ga. App. 353 (425 SE2d 391) (1992).

2. Plaintiffs also contend that the trial court erred in granting defendants' motion to dismiss based on plaintiffs' failure to file an expert's affidavit pursuant to OCGA § 9-11-9.1 (a). Plaintiffs argue that a county is not "profession" or "professional" as those terms are used in OCGA §§ 14-7-2 (2); 14-10-2 (2) and 43-1-24 and thus, applying the Georgia Supreme Court's holding in *Gillis v. Goodgame*, 262 Ga. 117 (414 SE2d 197) (1992), they were not required to file an expert's affidavit with their complaint. We agree a county is not a "professional" and that, therefore, the affidavit requirement of OCGA § 9-11-9.1 does not *automatically* apply to any claim asserted against it. *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. at 63 (3). Rather, in cases such as this, the relevant inquiry is whether "a particular claim is grounded upon 'professional malpractice,' that is, an act or omission caused by a 'professional' which constitutes malpractice." Id. at 64. "[T]he affidavit requirement applies [in cases involving claims against a county or other governmental entity] when liability is based . . . upon the averment of acts or omissions requiring the exercise of professional skill and judgment by agents or employees who themselves are recognized as 'professionals' under OCGA §§ 14-7-2 (2); 14-10-2 (2) and 43-1-24." Id. at 64-65.

Turning to the facts of this case, the record shows that plaintiffs' complaint against Coweta County is for the negligent design, installation, repair and maintenance of the guardrails on the Andrew Bailey Road Bridge. "Designing roads [and the bridges and guardrails which are part of those roads] requires 'engineering services' which have been described as the performance of professional services within the

purview of OCGA § 9-11-9.1 by the Supreme Court. *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 410 (395 SE2d 809) (1990)." *Jackson v. Dept. of Transp.*, 201 Ga. App. 863, 865 (412 SE2d 847) (1991). Indeed plaintiffs' own discovery demonstrates that engineering services are involved in projects of this sort, inasmuch as plaintiffs requested from Coweta County "any and all *engineers'* or contractors' drawings, plans, and specifications for the Andrew Bailey Road and bridge . . . including [those pertaining to the guardrails]." "As [plaintiffs'] claims would require an expert witness to prove that [Coweta County] was negligent, [cit.], these are not allegations of simple negligence. [Cits.]" *Edwards v. Vanstrom*, 206 Ga. App. 21, 22-23 (2) (424 SE2d 326) (1992).

Plaintiffs also argue that the negligent design and placement of the guardrails was obvious in this case. However, " '[e]ven in cases of "clear and palpable" professional negligence it is still necessary that the plaintiff file an expert affidavit contemporaneously with the filing of the complaint.' [Cit.] If the [bridge and guardrails] were defectively designed it was the result of professional negligence. In such instance, the failure to contemporaneously file an expert affidavit with the complaint was fatal. [Cit.]" *Jackson v. Dept. of Transp.*, 201 Ga. App. at 865-866. Accordingly, the trial court did not err by dismissing plaintiffs' claims for negligent design.

However, a different result is mandated as to plaintiffs' claims for negligent installation, repair and maintenance of the bridge and guardrails. While the design of a bridge or guardrail must necessarily involve professional (engineering) services, the installation, repair and maintenance of those structures would not necessarily require the exercise of professional skill and judgment. Based on the pleadings, we cannot say that these claims involve professional malpractice, and that an expert's affidavit was therefore required to establish these claims. *Jones v. Bates*, 261 Ga. 240, 242 (2) & n. 4 (403 SE2d 804) (1991). Consequently, the trial court erred in dismissing plaintiffs' claims for the negligent installation, repair and maintenance of the bridge and guardrails. *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70 (1) (413 SE2d 720) (1992).

3. Plaintiffs' contention in their brief concerning a violation of their constitutional rights was neither raised below nor enumerated as error to this court. "It is basic appellate practice that error argued in the brief but not enumerated as error will not be considered on appeal . . . and where an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error." *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207) (1986).

*Judgment affirmed in part and reversed in part. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 1, 1993 —
RECONSIDERATIONS DENIED APRIL 1, 1993 

*Novy, Jaymes & Vaughan, Eugene Novy, Deborah M. Vaughan,* for appellants.

*Michael J. Bowers, Attorney General, Charles M. Richards, Senior Assistant Attorney General, Freeman & Hawkins, H. Lane Young II, Kimberly A. Houston, Glover & Davis, A. Mitchell Powell, Drew, Eckl & Farnham, W. Wray Eckl, Dennis, Corry, Porter & Gray, James S. Strawinski,* for appellees.