A93A0250. DEPARTMENT OF TRANSPORTATION
et al. v. GILMORE.
(434 SE2d 114)

SMITH, Judge.

The following chronology is relevant to the disposition of this appeal: After Gilmore fell from a highway overpass, he named appellant-defendants, the Department of Transportation (DOT), individual DOT employees, and various contractors, in this tort action. The complaint alleged generally that appellants negligently had failed to provide any lighting, warning, or other protective device along the height of slope from which Gilmore had fallen. It was also alleged that the affidavit of an expert was unavailable for contemporaneous filing but would be forthcoming within 45 days, expressly invoking the extension-of-time provision of OCGA § 9-11-9.1 (b). DOT was served with the summons and complaint on May 21, 1992 and it appears that each appellant was served no later than May 25, 1992.

Gilmore filed on June 10 the affidavit of an engineering expert who expressed the opinion that the builders and designers of the overpass were negligent in not providing lights and safety barriers. On June 18, within 30 days of service of process, defendant Raymond Construction Company, a nonparty to this appeal, filed its answer to the complaint. However, DOT and its employees did not file their joint answer until July 9, 1992. Unknown to DOT, on the morning of July 9, Gilmore had obtained a default judgment against appellants, ostensibly pursuant to OCGA § 9-11-55 (a) for their failure to file an answer within 45 days from service of the complaint. Although DOT moved to set aside the default judgment, the trial court declined to rule on that motion before the end of 30 days from the entry of the default judgment. But see *Johnson v. Barnes,* 237 Ga. 502, 503-504 (1) (229 SE2d 70) (1976); *Mathis v. Hegwood,* 169 Ga. App. 547, 548

(314 SE2d 122) (1984) (a proper motion to set aside a judgment pursuant to OCGA § 9-11-60 (d) extends the time for filing a notice of appeal to enumerate as error the denial thereof). Pursuant to a valid extension of time, appellants filed a timely notice of appeal and enumerate as error the entry of default judgment.

1. After the hearing on appellants' motion to set aside the default judgment but before the filing of the notice of appeal, Gilmore filed what purported to be voluntary dismissals without prejudice as to DOT and the individual DOT defendants. We express no opinion as to the validity and effect of these dismissals entered subsequent to a hearing at which Gilmore presented evidence and obtained a default judgment, except to conclude that, in the absence of the written permission of the trial court to dismiss after the presentation of evidence, OCGA § 9-11-41 (a), the purported voluntary dismissals do not deprive this court of jurisdiction over the appeal on the basis that the issues raised therein have been rendered moot. OCGA § 5-6-48 (b) (3).

2. The trial court erred in entering default judgment on the ground that appellants' answer was untimely filed. OCGA § 9-11-55 (a) provides in pertinent part: "If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default *unless the time for filing the answer has been extended as provided by law.*" (Emphasis supplied.) OCGA § 9-11-12 (a) provides that the defendant "shall serve his answer within 30 days after the service of the summons and complaint upon him, *unless otherwise provided by statute.*" (Emphasis supplied.) Contrary to Gilmore's contention, OCGA § 9-11-9.1 (c) provides such an applicable extension of time within which to file the answer: "If an affidavit is filed after the filing of a complaint, as allowed under subsection (b) of this Code section, the defendant *shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of the affidavit.*" (Emphasis supplied.)

The process of building and designing roads requires engineering services which have been described as the performance of professional services within the purview of OCGA § 9-11-9.1. See *Jackson v. Dept. of Transp.*, 201 Ga. App. 863, 865 (412 SE2d 847) (1991); *Jordan, Jones & Goulding, Inc. v. Wilson*, 197 Ga. App. 354, 355 (1) (398 SE2d 385) (1990). However, the applicability of the extension of time provided by OCGA § 9-11-9.1 (c) is *not*, as Gilmore contends, dependent upon an ultimate judicial determination of whether the complaint alleges an action sounding in simple negligence or whether, in truth, the viable theory of liability is professional malpractice. Nor does it require a defendant, such as the appellants here, to accept a Hobson's choice of filing a skeletal answer which must be amended to address the specifications of negligence as averred in any subse-

quently filed expert's affidavit. Compare OCGA § 9-11-12 (e).

Such a distinction would require a defendant against whom multiple theories of liability are alleged to file *two* answers, one responding to simple negligence and a subsequent answer responding to allegations of professional malpractice. "This would be nonsense. People would laugh at the law if it required any such thing." *Fletcher Guano Co. v. Vorus*, 10 Ga. App. 380, 382 (73 SE 348) (1912).

The Civil Practice Act applies the principles of notice pleading, and "[a]ll pleadings shall be so construed as to do substantial justice." OCGA § 9-11-8 (f). There is only *one answer* required to be filed. OCGA § 9-11-7 (a). Here, Gilmore made the same general allegations of negligence against all defendants. The complaint expressly invoked the extension of time in which to file an expert's affidavit. This *necessarily* invoked the related provision that the defendants "shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of the affidavit." OCGA § 9-11-9.1 (c). Gilmore's reliance upon *Greene County Hosp. Auth. v. Turner*, 205 Ga. App. 213 (421 SE2d 715) (1992), is misplaced. Neither the question of applicability of the expert's affidavit as a pleading requirement nor the propriety of dismissing the complaint as provided in OCGA § 9-11-9.1 (e) in actions against engineers is germane to the issues raised in this appeal. In this action, the express invocation of the 45-day extension of time to file an expert's affidavit, allegedly because of the imminent running of the statute of limitation and the time constraints in obtaining the affidavit, as provided by OCGA § 9-11-9.1 (b), caused the time to file an answer to the complaint and affidavit to be *extended* for the 30-day period as provided by OCGA § 9-11-9.1 (c), and appellee is estopped to argue otherwise. See OCGA § 24-3-30. Appellants' answer was timely because it was filed within the time as extended pursuant to OCGA § 9-11-9.1 (c).

The applicability of this holding is necessarily limited to those defendants against whom professional malpractice is alleged or implied. In an action involving multiple defendants alleging professional malpractice against some, but not all, the 30-day extension for filing an answer applies only to the malpractice defendants. Inasmuch as the requisite affidavit for malpractice claims has no bearing on purely simple negligence claims, a plaintiff's invocation of OCGA § 9-11-9.1 (b) would not extend the deadline for answering the complaint for defendants against whom only simple negligence is alleged.

3. Remaining enumerations of error have been considered and are found to be moot.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 6, 1993 —
RECONSIDERATION DENIED JULY 26, 1993 —

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, C. Latain Kell, Assistant Attorney General,* for appellants.

*Buchanan & Land, Jerry A. Buchanan, Charles A. Gower, Taylor & Harp, J. Sherrod Taylor, Jefferson C. Callier,* for appellee.