A95A1882. McGARR et al. v. GILMORE.
(469 SE2d 720)

BEASLEY, Chief Judge.

After Gilmore fell from a highway overpass, he sued the corporate roadway contractors, the Georgia Department of Transportation ("DOT"), and ten employees of DOT, three of whom were McGarr, Lowman, and Mailhot ("employees"). He alleged that the individual and corporate defendants[1] were negligent in "not placing or causing to be placed a warning or protective device of some kind to warn of and/or prevent this type of foreseeable tragedy from occurring." The complaint also alleged that the affidavit of a professional expert was unavailable for contemporaneous filing but would be filed within 45 days, expressly invoking the grace period offered by OCGA § 9-11-9.1 (b). When DOT and its employee defendants did not respond within 45 days of the complaint Gilmore sought and obtained a default judgment.[2] On appeal, this Court reversed the judgment because OCGA § 9-11-9.1 (c) provides that when a plaintiff avails himself of the delay permitted by OCGA § 9-11-9.1 (b), a "defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of the affidavit" and defendants' answer was within 45 days of

---

[1] No separate category was mentioned for DOT.

[2] These were the only defendants left in the suit, since the contractors and one DOT employee were dismissed without prejudice and one employee was never served.

Gilmore's filing of his expert professional engineer's affidavit. *Dept. of Transp. v. Gilmore*, 209 Ga. App. 656 (434 SE2d 114) (1993).

Upon remittitur, Gilmore moved to revise the judgment, arguing that evidence acquired since the appeal showed that the employees were not professional engineers, nor qualified to be such, and consequently could not claim the extension of time provision granted by OCGA § 9-11-9.1 (c). The court granted the motion and reinstated default judgments for $2,150,000 against McGarr, Lowman, and Mailhot. The court relied upon the portion of our earlier opinion that stated: "The applicability of this holding is necessarily limited to those defendants against whom professional malpractice is alleged or implied." *Dept. of Transp.*, supra at 658 (2).

The employees appeal, as permitted by the trial court's authorization as provided by OCGA § 9-11-54 (b). They contend that the revision of the judgment violates the "law of the case" rule: "any ruling by the . . . Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court . . . [and] in the Court of Appeals as the case may be." OCGA § 9-11-60 (h). See *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 601-602 (1) (385 SE2d 397) (1989).

The trial court, and Gilmore, misunderstand the sentence quoted from our earlier opinion and ignore the statement that "Gilmore made the same general allegations of negligence against all defendants." *Dept. of Transp.*, supra at 658. It is what is in the complaint, not what is alleged or proved afterwards, that governs whether the extension for the answer is afforded to defendants. By invoking the grace period for the affidavit as provided by OCGA § 9-11-9.1 (b) and by relating that affidavit to all defendants by way of general allegations of negligence directed to all, Gilmore automatically activated the statute's provision giving defendants the same period of time from the filing of the affidavit as they would have had from the service of the complaint if it had not been an affidavit case. It is a practical and efficient provision, allowing a single answer when the complaint is complete and thereby avoiding the necessity for a defendant to file an answer to the affidavit-less complaint and then amending the answer or supplementing it to respond to the affiant's assertions. As made clear in our original opinion in this action, "the express invocation of the 45-day extension of time to file an expert's affidavit, allegedly because of the imminent running of the statute of limitation and the time constraints in obtaining the affidavit, as provided by OCGA § 9-11-9.1 (b), caused the time to file an answer to the complaint and affidavit to be extended for the 30-day period as provided by OCGA § 9-11-9.1 (c), and appellee is estopped to argue otherwise. See OCGA § 24-3-30." (Emphasis omitted.) *Dept. of Transp.*, supra at 658 (2).

This estoppel is based not upon the professional status of the defendants but upon the allegations of Gilmore's complaint. He did not distinguish between these employees, who the trial court subsequently found are not "professional engineers" and do not "possess the qualifications to be professional engineers," and those defendants against whom he asserted professional negligence. If, as he says, he could not do so until after he filed suit and conducted the discovery which is thereby authorized under the Civil Practice Act, it is of no consequence to the issue at hand. A finding that these employees are not subject to a professional negligence claim relieves Gilmore of the burden of proving *professional* negligence dependent on expert testimony showing their departure from professional standards; he need prove only simple negligence against such employees. But it does not relate back to establish the time within which these employees were required to answer the complaint alleging professional negligence against them.

We note that a plaintiff's dilemma of having to determine at the complaint stage which defendants are in the professional status category will arise only when plaintiff does not file a contemporaneous affidavit. When the affidavit is filed with the complaint, all defendants, whether professional or not, have 30 days from the date of service to answer it.

In taking advantage of the statutory grace period for the completion of his complaint, Gilmore afforded all defendants in this case a delay in the time required for their answer, to be measured from the time his complaint was complete. A plaintiff cannot sabotage a defendant by invoking an extension for himself and then, after defendant relies on his correlative extension, say the latter did not apply because plaintiff did not need an extension as to this defendant. The Civil Practice Act is founded on the principle of notice pleading. Plaintiff's notice to defendant that he asserts a professional negligence claim brings to it the procedures outlined in OCGA § 9-11-9.1.

Thus, Gilmore's contention that the court had power to revise the judgment because new evidence came to light based upon depositions of the employees, see *Lee v. Dept. of Transp.*, 198 Ga. App. 716 (402 SE2d 551) (1991), misses the controlling factor. The issue is resolved not by whether the individuals were professional engineers who were simply unlicensed pursuant to OCGA § 43-15-29 (b) (4) but by the form of Gilmore's complaint and his invocation of OCGA § 9-11-9.1 (b). By structuring his complaint as he did, he told all defendants they would have the benefit of the extension.

Infusing the whole debate about this procedural issue is the simple notion that Gilmore shows no harm whatsoever flowing to himself or to like-situated plaintiffs, other than the loss of a non-favored default judgment, see *Ewing v. Johnston*, 175 Ga. App. 760, 764 (1) (c)

(334 SE2d 703) (1985), from the extension he instigated. Nor can we imagine one. As in *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 402 (314 SE2d 199) (1984), "the plaintiff has not been prejudiced . . . and . . . the interests of truth and justice will be served by allowing these defendants to set up the defenses in their responsive pleadings." They are legally entitled to do so.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 21, 1996 —

Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, C. Latain Kell, Assistant Attorney General, for appellants.

Buchanan & Land, Jerry A. Buchanan, Taylor, Harp & Callier, J. Sherrod Taylor, Jefferson C. Callier, Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Charles A. Gower, for appellee.