## S98G1164. MUG A BUG PEST CONTROL et al. v. VESTER.

(509 SE2d 925)

FLETCHER, Presiding Justice.

The trial court dismissed the plaintiff's professional malpractice claim for failing to file a timely expert affidavit under OCGA § 9-11-9.1. The Court of Appeals of Georgia reversed, concluding that the 1997 amendments to the statute should be applied retroactively.[1] We granted the writ of certiorari to decide whether a court may apply a law retroactively when the legislature specifies that it is to be applied only prospectively. Since legislative intent controls, and the legislature expressly stated that the 1997 amendments to OCGA § 9-11-9.1 should be applied only to actions filed after the effective date, we reverse Division 2 of the court of appeals' opinion.

Carmen Mas Vester originally filed suit against Mug A Bug Pest Control and two of its employees in March 1995 and attached an expert affidavit to her complaint. Subsequently, she dismissed the suit and refiled this action in July 1996, but failed to attach the expert affidavit to her complaint. In their answer, the defendants asserted that Vester's complaint was barred by her failure to attach an expert affidavit. They later moved to dismiss her complaint, and the trial court granted the motion as to the malpractice claim. A

---

[1] *Vester v. Mug A Bug Pest Control*, 231 Ga. App. 644, 649 (500 SE2d 406) (1998), overruled by *Harris v. Murray*, 233 Ga. App. 661 (504 SE2d 736) (1998).

panel of the court of appeals applied the 1997 statutory amendments retroactively and reversed. Four months later the whole court held that "the 1997 amendments to OCGA § 9-11-9.1 do not apply retroactively" and expressly overruled the panel's decision in this case.[2]

1. In 1997, the Georgia General Assembly amended OCGA § 9-11-9.1 to simplify the process for determining the validity of the expert affidavit filed in a professional malpractice case.[3] The 1997 amendments changed provisions relating to the time that the affidavit must be filed, required the defendant to seek dismissal in its initial responsive pleading, applied the affidavit requirement to licensed healthcare facilities, and listed the 24 professions to which the requirement applies.[4] Section two of the act states that the amendments shall become effective on July 1, 1997, "and shall apply only to actions filed on or after that date."[5]

This Court has held that OCGA § 9-11-9.1 is a procedural law.[6] The general rule is that procedural laws should be applied retroactively unless the legislature has expressed a contrary intent.[7] Based on the express language of the act, we agree with the Court of Appeals of Georgia that the 1997 amendments to OCGA § 9-11-9.1 apply only prospectively.

2. Interpreting OCGA § 9-11-9.1 as originally enacted, we held that a plaintiff's failure to attach the required affidavit to a complaint in a professional malpractice action is an amendable defect when the plaintiff had obtained the affidavit but merely neglected to file it with the complaint.[8] The Georgia General Assembly enacted a similar rule in 1989. The 1989 version of § 9-11-9.1, which applies in this action, allowed a plaintiff to file an expert affidavit by amendment if two conditions were met. A court must find that (1) the plaintiff had the affidavit prior to filing the complaint and (2) the plaintiff failed to file it as a result of mistake.[9]

In this renewal action, the plaintiff had an expert affidavit available prior to filing the second lawsuit, but the record does not indi-

---

[2] *Harris v. Murray*, 233 Ga. App. at 662-663.

[3] See Robert J. Coursey, III, *Civil Practice*, 14 Ga. St. U. L. Rev. 4, 5 (1997).

[4] See 1997 Ga. Laws 916; see generally id. at 4-8 (discussing legislative history).

[5] 1997 Ga. Laws at 919.

[6] See *Kneip v. Southern Eng'g Co.*, 260 Ga. 409, 410-411 (395 SE2d 809) (1990); *Precision Planning v. Wall*, 193 Ga. App. 331, 332 (387 SE2d 610) (1989).

[7] *Polito v. Holland*, 258 Ga. 54, 55 (365 SE2d 273) (1988).

[8] See *St. Joseph's Hosp., Inc. v. Nease*, 259 Ga. 153, 155 (377 SE2d 847) (1989); *Bell v. Figueredo*, 259 Ga. 321, 322 (381 SE2d 29) (1989).

[9] See OCGA § 9-11-9.1 (e) (1993 ed.) ("if a plaintiff fails to file an affidavit as required by this Code section contemporaneously with a complaint alleging professional malpractice, . . . such complaint . . . cannot be cured by amendment pursuant to Code Section 9-11-15 unless a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake.").

cate her reason for failing to attach it to her complaint. Accordingly, we direct that this case be remanded for the trial court to determine whether Vester has met the second condition for filing an affidavit by amendment.

*Judgment affirmed in part, reversed in part, and remanded with direction. All the Justices concur.*

DECIDED JANUARY 11, 1999.

*Lokey & Smith, G. Melton Mobley, Jon W. Burton,* for appellants. *Robert L. Mack, Jr.,* for appellee.