## A99A1677. MINNIX et al. v. DEPARTMENT OF TRANSPORTATION et al.

### (525 SE2d 704)

McMURRAY, Presiding Judge.

Seeking to recover for personal injuries to Craig David Minnix and for the wrongful death of Billy James Minnix arising out of an automobile incident, plaintiffs Jimmy Kay Minnix and Bonnie C. Minnix sued the other driver, defendant Tony Carroll Payne, for simple negligence, and also sued the Georgia Department of Transportation (DOT), alleging 30 specifications of DOT's negligence. These allegations include the failure to paint "slash stripes" on the emergency lane; issuing an "access permit" for the construction of private, commercial or community driveway onto Georgia Highway 20; failing to require a clear zone of at least 40 feet; failing to comply with standards set forth in DOT safety manuals; failing to install object markers; negligent design configuration; negligent signs placement; plus violations of American Association of State Highway & Transportation Officials, Manual on Uniform Traffic Control Devices, and Georgia DOT standards. The complaint has no affidavit from an expert competent to testify, itemizing at least one specification of professional negligence and the factual basis for that opinion. In its answer, DOT objected to plaintiffs' failure to file the affidavit of an expert as purportedly required by OCGA § 9-11-9.1 (a). The superior court granted DOT's motion to dismiss certain claims,[1] and this direct appeal followed. Plaintiffs enumerate the dismissal as error, arguing that DOT is not itself a licensed professional, and so after the 1997 amendment to OCGA § 9-11-9.1 (a), no expert affidavit is required. *Held*:

Because OCGA § 9-11-9.1 (a) applies to allegations that agents or employees of DOT failed to comply with the professional standards of architects, land surveyors, or professional engineers, we affirm the superior court's dismissal of the specified claims against DOT.

OCGA § 9-11-9.1 (a) formerly required an expert's affidavit in "any action for damages alleging professional malpractice. . . ." But in 1997, the General Assembly amended this law by striking Code section 9-11-9.1 (a), and inserting in its place the following:

In any action for damages alleging professional malpractice *against a professional licensed by the State* of Georgia *and listed in subsection (f)* of this Code section or against any licensed health care facility alleged to be liable based upon

---

[1] Specifically, the claims stated in the complaint at Paragraph 9 (a), (b), (c), (d), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (s), (v), (x), (y), (z), (aa), (bb), and (cc) all involve the application of professional engineering standards and expertise, and these were dismissed.

the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (f) of this Code section, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify. . . .

(Emphasis supplied.) OCGA § 9-11-9.1 (a); Ga. L. 1997, pp. 916, 917. Subsection (f) lists "[t]he [24] professions to which this Code section applies. . . ." Plaintiffs are correct that DOT is not licensed by the State to practice any of the professions itemized in subsection (f). From this, they reason that the clear implication of the 1997 amendment was to legislatively overrule prior decisions of this Court applying the affidavit requirement to engineering claims against DOT.

"All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law, including decisions of the courts. [Cit.]" *Chrysler Corp. v. Batten*, 264 Ga. 723, 727 (4) (450 SE2d 208). This maxim of statutory construction also applies to amendments of existing law. See *Botts v. Southeastern Pipe-Line Co.*, 190 Ga. 689, 700 (10 SE2d 375). Giving words their ordinary signification, OCGA § 9-11-9.1 (a) as currently drafted would appear to apply only to *individuals* licensed by the State. But a government agency, like a corporation, can act only through its human agents. The process of building and designing roads, requiring professional engineering services, has long been held to be within the purview of OCGA § 9-11-9.1. *Dept. of Transp. v. Gilmore*, 209 Ga. App. 656, 657 (2) (434 SE2d 114). Considering the old law, the perceived evil, and the legislative remedy, we conclude the 1997 amendment to OCGA § 9-11-9.1 did not change existing law with respect to claims of professional negligence against DOT. The affidavit requirement still applies to claims against a governmental entity when, in substance, liability is based on the exercise of professional skill and judgment by governmental agents or employees who are themselves licensed professionals as itemized in OCGA § 9-11-9.1 (f). *Drawdy v. Dept. of Transp.*, 228 Ga. App. 338, 339 (491 SE2d 521); *Adams v. Coweta County*, 208 Ga. App. 334, 335 (2) (430 SE2d 599). Since plaintiffs failed to attach an expert's affidavit to their complaint, the trial court correctly granted DOT's OCGA § 9-11-12 (b) (6) motion to dismiss those claims sounding in professional negligence.

*Judgment affirmed. Johnson, C. J., concurs. Phipps, J., concurs specially.*

PHIPPS, Judge, concurring specially.

The Minnixes brought this action for damages against various defendants including the Department of Transportation (DOT). Plaintiffs charge the DOT with negligent design of a highway through acts and omissions of professionals employed by the DOT.

But plaintiffs did not file an expert affidavit with the complaint because the professionals are not named as defendants.

Prior to its 1997 amendment, OCGA § 9-11-9.1 (a) required an expert affidavit to be filed with the complaint "[i]n any action for damages alleging professional malpractice." Under that version of the statute, it was clear that the affidavit requirement applied in actions for damages against entities such as governmental agencies based upon the professional negligence of their agents or employees regardless of whether the agents or employees were party defendants. See *Drawdy v. Dept. of Transp.*, 228 Ga. App. 338, 339 (491 SE2d 521) (1997) and cits. The question in this case is whether the affidavit requirement continues to apply in such settings.

Immediately following the initial phrase "[i]n any action for damages alleging professional malpractice," the 1997 amendment to OCGA § 9-11-9.1 (a) adds the following language:

> against a professional licensed by the State of Georgia and listed in subsection (f) of this Code section or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (f) of this Code section.

Did the 1997 legislature intend the statute to apply in an action for damages against an employer of a subsection (f) professional based on allegations of malpractice by the professional?

Although the statutory language is somewhat ambiguous on this point, the above question is resolved by examining the unquestioned purposes of the amendment. Clearly, the amendment was intended to change prior law by listing the professional occupations to which the affidavit requirement applies in the new subsection (f), *Mug A Bug Pest Control v. Vester*, 270 Ga. 407, 408 (1) (509 SE2d 925) (1999), something the unamended statute failed to do. See *Gillis v. Goodgame*, 262 Ga. 117 (414 SE2d 197) (1992). And the legislative history of the statute shows that reference to licensed health care facilities was included in subsection (a), not to change existing law, but rather to ensure that the statute continues to apply where damages are sought against a licensed health care facility based on allegations of malpractice by a professional employed by the facility. 14 Ga. St. Univ. L. Rev. 4, 6 (1997). Therefore, it does not appear that the legislature intended to restrict application of the statute to actions in which damages are sought against a licensed health care facility or subsection (f) professional. This conclusion is bolstered by the caption to the 1997 Act, which indicates that it continues to apply "in any action for damages alleging professional malpractice." Ga. L.

1997, p. 916.

For these reasons, I agree that the superior court did not err in dismissing those claims that involve allegations of professional negligence by subsection (f) professionals employed by the DOT.

DECIDED OCTOBER 12, 1999 —
RECONSIDERATION DENIED OCTOBER 27, 1999 —

*Doffermyre, Shields, Canfield, Knowles & Devine, Foy R. Devine, David S. Hagy, Mundy & Gammage, William D. Sparks*, for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Lawson, Davis, Pickren & Seydel, Paul R. Jordan, Alison H. Price, G. Thomas Davis*, for appellees.