S00G0340. MINNIX et al. v. DEPARTMENT OF TRANSPORTATION.
(533 SE2d 75)

FLETCHER, Presiding Justice.

We granted certiorari to the Court of Appeals of Georgia[1] to determine whether the 1997 amendment to OCGA § 9-11-9.1 requires an expert affidavit to be filed against an employer, other than a licensed health care facility, which is alleged to be liable based upon the action or inaction of its agent or employee who is a professional licensed by the State of Georgia and listed in subsection (f) of that code section.[2] The court of appeals held that the 1997 amendment to OCGA § 9-11-9.1 (a) did not change existing law with regard to

---

[1] See *Minnix v. Department of Transportation*, 240 Ga. App. 524 (525 SE2d 704) (1999).

[2] Subsection (f), applicable to actions filed on or after July 1, 1997, lists 24 professions to which § 9-11-9.1 applies:
(1) Architects; (2) Attorneys at law; (3) Certified public accountants; (4) Chiropractors; (5) Clinical social workers; (6) Dentists; (7) Dieticians; (8) Land surveyors; (9) Medical doctors; (10) Marriage and family therapists; (11) Nurses; (12) Occupational therapists; (13) Optometrists; (14) Osteopathic physicians; (15) Pharmacists; (16) Physical therapists; (17) Physicians' assistants; (18) Professional counselors; (19) Professional engineers; (20) Podiatrists; (21) Psychologists; (22) Radiological technicians; (23) Respiratory therapists; or (24) Veterinarians.

claims of professional negligence against employers who act only through their agents or employees. Therefore, the court of appeals concluded, an expert affidavit was required against the Georgia Department of Transportation (DOT) in this case. We disagree. We hold that the plain and unequivocal language of OCGA § 9-11-9.1 (a), as amended, evinces the General Assembly's intent that the expert affidavit requirement in a professional malpractice case apply only to an employer that is a licensed health care facility in a suit where that employer's liability is premised on the action or inaction of a licensed health care professional listed in OCGA § 9-11-9.1 (f). Because the DOT is not a licensed health care facility, it is not an employer to which OCGA § 9-11-9.1 (a) applies. Therefore the decision of the court of appeals is reversed.

## FACTS.

1. Billy Minnix died and his son, Craig David Minnix, sustained serious personal injuries as a result of an automobile collision. In April 1998 Bonnie Minnix, Jimmy Kay Minnix,[3] and Craig David Minnix filed suit[4] against the driver of the other vehicle and the DOT. With regard to their action against the DOT, the Minnixes alleged numerous counts of negligent maintenance and design of the highway on which the collision occurred.

The DOT answered and moved to dismiss the majority of the Minnixes' claims for failure to attach an expert affidavit pursuant to OCGA § 9-11-9.1 (a). The trial court construed the Minnixes' complaint as alleging claims of professional negligence against agents and employees of the DOT and held that the amended statute required an expert affidavit to be filed against the DOT. The court thereafter dismissed twenty-three counts of the complaint. The court of appeals granted the Minnixes' application for interlocutory appeal and affirmed.

The court of appeals noted that the plain language of OCGA § 9-11-9.1 (a), as amended, appeared to apply only to individuals who were licensed professionals under subsection (f), but held that because a governmental entity can only act through its individual agents or employees, the General Assembly did not intend to change prior law requiring an expert affidavit to be filed against the DOT in actions alleging the professional negligence of the DOT's agents or

---

[3] Bonnie Minnix is the surviving spouse of Billy Minnix, and the executrix of his estate. Jimmy Kay Minnix filed suit as the guardian and next friend of Craig Minnix, as well as in her individual capacity.

[4] Suit was filed after the effective date of the 1997 amendment. See 1997 Ga. Laws, p. 916 et seq.

employees.[5] The court of appeals concluded that because the Minnixes' allegations of liability were based on the exercise of professional skill of agents or employees of the DOT who are among the licensed professionals[6] listed in subsection (f), an expert affidavit was required.

## HISTORY OF OCGA § 9-11-9.1 (a).

2. Prior to the 1997 amendment, OCGA § 9-11-9.1 (a) provided,

> In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each claim.

OCGA § 9-11-9.1 was originally enacted as part of the Medical Malpractice Act of 1987.[7] Its purpose was to reduce the number of frivolous suits being filed in professional malpractice cases.[8] However, because the statute failed to specify those professionals against whom an expert affidavit was required, the appellate courts construed its broad language to apply to a variety of professionals other than physicians.[9] In *Gillis v. Goodgame*,[10] this Court held that the affidavit requirement of Rule 9.1 would apply to the term "professional" as defined by OCGA §§ 14-7-2 (2); 14-10-2 (2); and 43-1-24. While the intent in *Gillis* was to create a bright line rule that would effectuate the legislative purpose of the statute, application of the rule in that case resulted in decisions requiring an expert affidavit at the pleading stage of negligence claims against harbor pilots,[11] pest control services,[12] and real estate brokers.[13] Two years after the decision in *Gillis*, this Court modified the rule of that case to apply the expert affidavit requirement "only to those licensed professions regulated by state examining boards where licensure is predicated upon the successful completion of the specialized schooling or training nec-

---

[5] 240 Ga. App. at 525.

[6] The court of appeals concluded that these licensed professionals were architects, land surveyors and engineers. See OCGA § 9-11-9.1 (f) (1), (8) and (19). 240 Ga. App. at 525.

[7] 1987 Ga. Laws, p. 887 et seq.

[8] *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 439 (383 SE2d 867) (1989).

[9] *Barr v. Johnson*, 189 Ga. App. 136 (375 SE2d 51) (1988) (attorneys); *Housing Auth. of Savannah v. Greene*, 259 Ga. 435 (architects); *Kneip v. Southern Engineering Co.*, 260 Ga. 409 (395 SE2d 809) (1990) (engineers); *McLendon & Cox v. Roberts*, 197 Ga. App. 478 (398 SE2d 579) (1990) (landscape architects).

[10] 262 Ga. 117 (414 SE2d 197) (1992).

[11] *Lutz v. Foran*, 262 Ga. 819 (427 SE2d 248) (1993).

[12] *Colston v. Fred's Pest Control*, 210 Ga. App. 362 (436 SE2d 23) (1993).

[13] *Allen v. ReMax North Atlanta*, 213 Ga. App. 644 (445 SE2d 774) (1994).

essary to obtain the expertise to practice that profession."[14] Application of this rule necessitated extensive reference to the Georgia Code to determine which professions required an expert affidavit. While this rule, like the rule in *Gillis*, attempted to narrow the scope of OCGA § 9-11-9.1 (a), it resulted in the requirement of an expert affidavit at the pleading stage of negligence claims against plumbers.[15]

Appellate decisions additionally relied on the broad language of OCGA § 9-11-9.1 (a) to require an expert affidavit in suits against hospitals,[16] counties,[17] and the DOT[18] where it was alleged that the liability of these entities was premised on the negligence of their employees or agents who were themselves recognized "professionals" to whom the statute had been held to apply.

A number of unanswered judicial invitations were extended to the General Assembly to amend OCGA § 9-11-9.1 to clarify or limit its scope,[19] or even to repeal it in its entirety.[20] The prolific litigation generated by OCGA § 9-11-9.1 led both the courts and commentators to declare that the statute had failed to achieve its intended purpose of reducing professional malpractice litigation.[21]

---

[14] *Harrell v. Lusk*, 263 Ga. 895 (439 SE2d 896) (1994) (augmenting the list of professionals in *Gillis* to include pharmacists).

[15] *Seely v. Loyd H. Johnson Construction Co.*, 220 Ga. App. 719 (470 SE2d 283) (1996).

[16] *Dozier v. Clayton County Hospital Authority*, 206 Ga. App. 62, 65 (424 SE2d 632) (1992) ("[T]o the extent that the complaint avers claims of liability, based on the doctrine of respondeat superior, arising from acts or omissions constituting malpractice by doctors, registered professional nurses, or other 'professionals' . . . an appropriate affidavit . . . was required under OCGA § 9-11-9.1.").

[17] *Adams v. Coweta County*, 208 Ga. App. 334 (430 SE2d 599) (1993) (applying the rationale of *Dozier* to counties).

[18] *Jackson v. Department of Transportation*, 201 Ga. App. 863 (412 SE2d 847) (1992) (plaintiff's claim of defective highway design against DOT involved professional engineering services which necessitated the filing of a 9.1 expert affidavit).

[19] *Lutz v. Foran*, 262 Ga. at 823, n. 4, citing *Kneip v. Southern Engineering Co.*, 260 Ga. at 411; *Precision Planning v. Wall*, 193 Ga. App. 331, 332 (387 SE2d 610) (1989) (Benham, J., concurring specially); *Gillis v. Goodgame*, 199 Ga. App. 413, 416 (404 SE2d 815) (1991), rev'd on other grounds, *Gillis*, 262 Ga. at 117.

[20] *Johnson v. Brueckner*, 216 Ga. App. 52, 53-54 (453 SE2d 76) (1995) ("We are not empowered to amend the lawful acts of the legislature. Perhaps the legislature should reconsider the appropriateness of OCGA § 9-11-9.1 in view of its effect on the function of the courts, which is to dispense justice, and the unquestioned ineffectiveness of the statute in reducing litigation.").

[21] *Sisk v. Patel*, 217 Ga. App. 156, 159-160 (456 SE2d 718) (1995) ("[T]he history of OCGA § 9-11-9.1 in the appellate courts has shown beyond a reasonable doubt that it is only with great difficulty made workable in the practical arena of litigation, and has largely failed to achieve its purpose of reducing frivolous litigation. Rather, it has created an added layer of motions regarding the sufficiency of affidavits preceding the motions for summary judgment on the merits."). See also R. D. Brussack, *Georgia's Professional Malpractice Affidavit Requirement*, 31 Ga. L. R. 1031, 1033 (1997) (OCGA § 9-11-9.1 "has yielded a complex and in some respects counterintuitive body of procedural doctrine.").

## THE AMENDMENT TO OCGA § 9-11-9.1 (a).

3. In 1997, with full knowledge of this existing condition of the law, the General Assembly struck OCGA § 9-11-9.1 in its entirety and re-enacted it with substantive and procedural revisions[22] in order to, inter alia, "change the provisions relating to the affidavit which must be filed with the complaint in any action for damages alleging professional malpractice . . . [and] to provide for professions to which the affidavit requirement applies."[23]

This Court has held that in enacting the 1997 amendment, the General Assembly intended to "simplify the process for determining the validity of the expert affidavit filed in a professional malpractice case."[24]

OCGA § 9-11-9.1 (a) now provides:

> In any action for damages alleging professional malpractice against a professional licensed by the State of Georgia and listed in subsection (f) of this Code section or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (f) of this Code section, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each claim.

The language of OCGA § 9-11-9.1 (a) is plain, unequivocal and a clear expression of the General Assembly's intent that an expert affidavit is required in any action alleging professional malpractice with regard to two categories of defendants: 1) those professionals licensed by the State of Georgia and listed in OCGA § 9-11-9.1 (f),[25] and 2) "any licensed health care facility alleged to be liable based on the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (f)." Thus OCGA § 9-11-9.1 (a) by its specific terms limits the expert affidavit requirement to professional malpractice suits against members of one of the 24 enumerated professions, and to one category of employer — a licensed heath care facility — when that employer's liability is predicated on the professional negligence of its agents or employees who are them-

---

[22] 1997 Ga. Laws, p. 916, § 1.
[23] Id.
[24] *Mug A Bug Pest Control v. Vester*, 270 Ga. 407, 408 (509 SE2d 925) (1999).
[25] See note 2.

selves among the licensed health care professionals listed in OCGA § 9-11-9.1 (f).

Notwithstanding the clear and limiting language of subsection (a), the DOT argues that there is nothing to indicate that the General Assembly intended to change the professions or employers to which former subsection (a) was held to apply. We do not agree. Had the General Assembly intended for the expert affidavit requirement to continue to apply to every profession and employer which the appellate courts had held it applicable, that body would have included exterminators, harbor pilots, landscape architects, real estate brokers and plumbers in the category of professions listed in OCGA § 9-11-9.1 (f).[26] It would have additionally included counties and the DOT in the category of employers along with licensed health care facilities.[27] It did not. We decline to construe subsection (a), as amended, to apply to the DOT when the General Assembly has by clear language omitted the DOT from the statute's ambit. Where, as here, the language of a statute is plain on its face, judicial construction is not only unnecessary, but is forbidden.[28]

Nor do we agree that the General Assembly's limitation of the professions and employers to which OCGA § 9-11-9.1 (a) applies undermines the purpose of the statute to reduce the number of frivolous malpractice claims being filed. We recognized in *Labovitz v. Hopkinson*[29] that in enacting OCGA § 9-11-9.1 the General Assembly "intended to enact a means by which the filing of frivolous professional malpractice actions would be curtailed," but that it was authorized to limit "the means of curtailment."[30] Thus the General Assembly may, as it has done here, circumscribe those professions and employers to which the expert affidavit requirement applies.

We point out, however, that the General Assembly's failure to make OCGA § 9-11-9.1 applicable to the DOT does not affect a plaintiff's burden of proof where the plaintiff alleges that the DOT is liable due to the professional negligence of its agents or employees. OCGA § 9-11-9.1 imposes on a plaintiff an initial pleading requirement rather than an evidentiary requirement.[31] The inclusion or

---

[26] See notes 11-13 and 15. See also *McLendon & Cox v. Roberts*, 197 Ga. App. 478 (holding OCGA § 9-11-9.1 applicable to landscape architects). Compare OCGA § 43-4-1 et seq., regulating the practice of architecture or the design of buildings with OCGA § 43-23-1 et seq., regulating the practice of landscape architecture or the performance of professional services relating to land use and environmental problems.

[27] See notes 17 and 18.

[28] *Fleming v. State*, 271 Ga. 587, 589 (523 SE2d 315) (1999), citing *City of Jesup v. Bennett*, 226 Ga. 606, 609 (176 SE2d 81) (1970).

[29] 271 Ga. 330, 336 (519 SE2d 672) (1999).

[30] Id.

[31] *Hewett v. Kalish*, 264 Ga. 183 (442 SE2d 233) (1994), citing *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992).

exclusion of a profession or employer from the statute's ambit does not change a plaintiff's burden in a professional malpractice case to produce at trial expert testimony "to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice."[32] Thus, a plaintiff who sues the DOT based on the alleged professional negligence of the DOT's agents or employees must still produce at trial expert testimony of the applicable standard of professional conduct and a deviation from that standard.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 5, 2000.

*Doffermyre, Shields, Canfield, Knowles & Devine, Foy R. Devine, David S. Hagy, Mundy & Gammage, William D. Sparks,* for appellant.

*Chambers, Mabry, McClelland & Brooks, Emory S. Mabry III, R. Michael Malone, Lawson, Davis, Pickren & Seydel, Paul R. Jordan, Alison H. Price, G. Thomas Davis, Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General,* for appellee.

*Bordeaux & Abbot, Thomas C. Bordeaux, Jr., Martha J. Fessenden,* amici curiae.

---

[32] *Hughes v. Malone,* 146 Ga. App. 341, 345 (247 SE2d 107) (1978). The exception to this rule is where the alleged professional negligence is so "clear and palpable" that it may be understood by a jury absent the production of expert testimony. See *Barr v. Johnson,* 189 Ga. App. 136.