S92A0341. CURTIS et al. v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.

(416 SE2d 510)

CLARKE, Chief Justice.

We granted this application for interlocutory appeal to determine whether the trial court erred in holding that appellants' tort claim should be dismissed on the grounds of sovereign immunity because it was filed after the effective date of the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983. We hold that the "insurance waiver" of sovereign immunity provided for in the former constitutional provision was not withdrawn by the passage of the amended constitutional provision as to actions which accrued while the "insurance waiver" was in effect. We therefore reverse.

Thomas Curtis underwent surgery on February 3, 1989, at the Medical College of Georgia. He was discharged five days later, but died hours after his discharge. On January 31, 1991, his relatives brought an action alleging medical malpractice, wrongful death and other claims, against the Board of Regents, the Medical College and various physicians and nurses who participated in Curtis' medical treatment. The Board of Regents filed a motion to dismiss on the grounds of sovereign immunity. The Board of Regents admitted that it carried liability insurance that created a waiver of sovereign immunity under the former sovereign immunity provision of the Georgia Constitution, Art. I, Sec. II, Par. IX (1983). But, the Board of Regents asserted that the waiver was withdrawn by the passage of the amended constitutional provision which deleted the "insurance waiver" language. Because this action was not filed until after January 1, 1991, the effective date of the amended constitutional provision, the Board of Regents asserted that the action should be dismissed.

In *Donaldson v. Dept. of Transp.*, 262 Ga. 49 (414 SE2d 638) (1992), we held that the 1991 constitutional amendment would be given only prospective effect. In *Donaldson* the state argued that even

if the amendment was given prospective effect, the amended provision should be interpreted as a withdrawal of the waiver of sovereign immunity. The state asserted that the withdrawal of the waiver would deprive the court of jurisdiction to hear any action still pending after the effective date of the date of the amendment, regardless of when the action accrued. We rejected this argument, holding that the state may not withdraw its waiver of sovereign immunity after a citizen acts in reliance on that waiver by filing suit. *Donaldson*, supra at 53. The case before us at that time was filed before the effective date of the constitutional amendment. Therefore, we did not reach the issue of whether the passage of the constitutional amendment acted as a withdrawal of the state's waiver of sovereign immunity in those cases which accrued prior to the effective date of the constitutional amendment that were filed after that date. We address that issue here.

The former constitutional provision waived sovereign immunity to the extent that liability insurance protection was provided. Article I, Sec. II, Par. IX of the Georgia Constitution (1983). The amended constitutional provision deletes the "insurance waiver" clause and provides instead that the "General Assembly may waive the state's sovereign immunity from suit by enacting a State Tort Claims Act." Article I, Sec. II, Par. IX of the Constitution of 1983 (as amended January 1, 1991). Acting under the authority of the 1991 constitutional amendment, the legislature passed a Tort Claims Act during the 1992 legislative session. On April 16, 1992, the Georgia Tort Claims Act was signed into law. See Senate Bill No. 415 (Substitute), Act No. 1135, amending OCGA § 50-21-20 et seq. The Georgia Tort Claims Act provides specific terms relating to the state's waiver of sovereign immunity. It also provides as follows:

> It is the specific intent of the General Assembly that this article shall operate retroactively so as to apply to those tort claims or causes of action which accrued on or after January 1, 1991. A tort claim or cause of action shall be deemed to have accrued on the date the loss was or should have been discovered. This article shall not apply to tort claims or causes of action which accrued prior to January 1, 1991.

OCGA § 50-21-27 (a) (as amended 1992). By making the Georgia Tort Claims Act retroactive to apply to any cause of action that accrued on or after January 1, 1991, the legislature demonstrated its intent not to leave a group of plaintiffs without a remedy. The legislature expressly "recognize[d] the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity." S.B. 415 (Substitute) OCGA § 50-21-21 (1992). The 1991 constitutional amendment, when viewed in light of the Georgia Tort

Claims Act that was passed under its authority, does not evidence any intent by the legislature to withdraw the waiver of sovereign immunity. Rather, the apparent intent of the amendment and the Tort Claims Act enacted under its authority is to redraw and redefine the terms of the state's waiver of sovereign immunity. The constitutional amendment is a change in the terms of the waiver of sovereign immunity, not a withdrawal of the existing waiver.

Under Georgia law, a waiver of sovereign immunity occurs at the time that the cause of action arises. *Donaldson*, supra. Therefore, sovereign immunity was waived to the extent of available insurance coverage as to any cause of action that accrued before the effective date of the constitutional amendment. The waiver was not withdrawn by the passage of the constitutional amendment and remains effective regardless of whether the action was filed before or after the effective date of the amendment. This is logical because insurance in effect prior to January 1, 1991 would cover those claims which accrued while the former "insurance waiver" provision was in effect without regard to the date that suit was filed.

In sum, we hold that the "insurance waiver" of sovereign immunity under the terms of the former constitutional provision was not withdrawn by the passage of the constitutional amendment as to those actions which accrued prior to January 1, 1991.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 21, 1992.

*Walbert & Hermann, Paul D. Hermann, Kay D. Hopkins,* for appellants.

*Michael J. Bowers, Attorney General, Alfred L. Evans, Jr., Senior Assistant Attorney General, Smith, Gambrell & Russell, Matthew Scott Coles, Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Earl W. Gunn,* for appellees.