A92A1313. COLLIER v. WHITWORTH.

(423 SE2d 440)

McMURRAY, Presiding Judge.

This is an action for damages for false imprisonment by a former prisoner of the state penal system against defendant Bobby K. Whitworth, Commissioner of the Georgia Department of Corrections.

Plaintiff Jerry Larry Collier was formerly incarcerated under a sentence of two years, serve six months and the balance probated. Pursuant to an order of the Fulton Superior Court, plaintiff was given credit for time served from February 2, 1991. Plaintiff was released on August 4, 1991.

While plaintiff alleges that he was held beyond the end of his prison sentence, defendant contends that plaintiff was lawfully incarcerated until August 4, 1991. On opposing motions for summary judgment, the state court denied plaintiff's motion and granted defendant's motion for summary judgment. *Held*:

The sole issue argued by the parties is whether plaintiff's prison term was correctly calculated by the Department of Corrections. However, we must bypass this issue since the superior court's decision on summary judgment must be affirmed as a grant of summary judgment must be affirmed if right for any reason. In this case, the grant of summary judgment must be affirmed on the ground of the affirmative defense of official immunity, which defendant pleaded in his answer.

Since plaintiff's claim accrued in August 1991 the applicable sovereign immunity provision is the 1991 amendment to Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution. *Curtis v. Bd. of Regents &c. of Ga.*, 262 Ga. 226 (416 SE2d 510) (1992). With that amendment, the legislature replaced the insurance waiver clause with a provision stating that the "General Assembly may waive the state's sovereign immunity from suit by enacting a State Tort Claims Act." Ga. Const., Art. I, Sec. II, Par. IX (1983) (as amended January 1, 1991). See *Curtis*, supra at 227. The State Tort Claims Act (the "Act"), passed in 1992, "redr[e]w and redefine[d] the terms of the state's waiver of sovereign immunity," *Curtis*, supra, and was made retroactive to January 1, 1991, so that no group of plaintiffs would be left without a remedy. Id. at 228.

Rather than basing the waiver of immunity on the purchase of liability insurance as did the previous constitutional provision, the Act provides for a waiver of the state's sovereign immunity for "torts of state officers and employees while acting within the scope of their official duties or employment," OCGA § 50-21-23 (a), unless the alleged tortious act falls within one of the exceptions set forth in OCGA § 50-21-24. The instant claim is so excluded, as the Act provides that the state will have "no liability for losses resulting from . . . false imprisonment." OCGA § 50-21-24 (7). Since state employees cannot be subject to liability arising from the performance of their official duties, OCGA §§ 50-21-21 (b); 50-21-25 (a), and the state may not be sued if the claim at issue is excluded by the Act, OCGA § 50-21-21 (a), defendant was entitled to summary judgment on his affirmative defense of official immunity.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 8, 1992.

Jerry L. Collier, *pro se.*

Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Melissa J. Lunsford, Staff Attorney, for appellee.