A93A1658. HOWARD v. BURCH.
(436 SE2d 573)

COOPER, Judge.

Appellant, an inmate, filed a pro se action denominated a "tort action" against appellee, a correctional officer at the facility where appellant was housed. Appellant alleged in the action that appellee was liable for libel and slander for writing false disciplinary reports. The case was set for a hearing on a November 1992 non-jury calendar, but due to the volume of cases on that calendar, appellant's case was tentatively rescheduled for January 1993. Appellee subsequently moved to dismiss the complaint on the grounds that appellee was immune

from suit pursuant to the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. Appellant did not respond to the motion, and the court entered an order granting the motion to dismiss on March 29, 1993. The trial judge found that appellee was an employee of the Georgia Department of Corrections, that his actions were related to the performance of his official duties and that appellant's action was barred by the Georgia Tort Claims Act. Appellant filed a notice of appeal from "the decision of this court . . . in his refusal to hear this case and hold a hearing and render a decision in the above styled case. . . ."

Although appellant's notice of appeal is deficient in failing to specify the order from which the appeal is taken, we will give appellant as a pro se litigant, the benefit of the doubt and treat his appeal as being taken from the March 29, 1993 order dismissing his case. Consequently, appellee's request that the appeal be dismissed is denied.

The Georgia Tort Claims Act "provides for a waiver of the state's sovereign immunity for 'torts of state officers and employees while acting within the scope of their official duties or employment,' OCGA § 50-21-23 (a), unless the alleged tortious act falls within one of the exceptions set forth in OCGA § 50-21-24. The instant claim[s] [are] so excluded, as the Act provides that the state will have 'no liability for losses resulting from . . . [libel and slander].' OCGA § 50-21-24 (7)." *Collier v. Whitworth*, 205 Ga. App. 758, 759 (423 SE2d 440) (1992). Accordingly, we find no error with the trial court's dismissal of appellant's action.

Appellant's argument that the trial court should have held a hearing on appellee's motion to dismiss is without merit since Rule 6.3 of the Uniform Superior Court Rules does not mandate that such a hearing be held. *Datz v. Brinson*, 208 Ga. App. 455, 456 (4) (430 SE2d 823) (1993).

Similarly, appellant's contention that the trial judge failed to recuse himself presents nothing for review since the record does not reflect that appellant made a request for recusal.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED OCTOBER 12, 1993.

Edgar W. Howard, *pro se.*

*Michael J. Bowers, Attorney General, Neal B. Childers, Assistant Attorney General,* for appellee.