A94A2507. DEPARTMENT OF TRANSPORTATION v. BISHOP et al.
(453 SE2d 478)

BLACKBURN, Judge.

This is an appeal from the denial of the Georgia Department of Transportation's (DOT) motion for summary judgment in a wrongful death action.

The appellees, Lynn Hill Bishop and Donnie Hill (the Hills), the surviving parents of Judith Hill, filed the instant action against the DOT pursuant to the Georgia Tort Claims Act. A DOT engineer approved the construction of a brick decorative wall on top of an existing concrete retaining wall at the intersection of State Route 20 and Horseleg Creek Road in Floyd County. On April 20, 1991, the brick wall allegedly obstructed the decedent's vision and hearing when she proceeded into the intersection and her vehicle was struck by a police vehicle responding to an emergency call. The engineer was not named as a party to the action.

In its motion for summary judgment, DOT asserted that this action was barred by the licensing function or the discretionary function exceptions to the Georgia Tort Claims Act. In denying the motion, the trial court concluded that a jury question remained as to whether DOT acted in good faith in approving the construction of the brick wall, considering its violations of the federal and state standards on sight distances, and violations of the department's regulations. The court further concluded that whether the engineer's approval of the construction of the retaining wall involved a discretionary or ministerial function was a matter for jury resolution.

1. The Georgia Tort Claims Act became effective July 1, 1992, but applies retroactively to tort claims or causes of actions, such as the present action, which accrued on or after January 1, 1991. OCGA § 50-21-27 (a). See also *Collier v. Whitworth*, 205 Ga. App. 758 (423 SE2d 440) (1992). "[T]he Act provides for a waiver of the state's sovereign immunity for torts of state officers and employees while acting

within the scope of their official duties or employment, OCGA § 50-21-23 (a), unless the alleged tortious act falls within one of the exceptions set forth in OCGA § 50-21-24." (Punctuation omitted.) Id. at 759. See also *Howard v. Burch,* 210 Ga. App. 515 (436 SE2d 573) (1993).

OCGA § 50-21-24 (9) specifically provides that the state shall have no liability for losses resulting from "[l]icensing powers or functions, including, but not limited to, the issuance, denial, suspension, or revocation of or the failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, approval, order, or similar authorization." This statutory exclusion is not limited to those licensing functions deemed discretionary in nature in view of the entire legislative scheme of the Georgia Tort Claims Act, which contains a separate exclusion for discretionary functions. To so limit the application of this exclusion would render the entire provision meaningless, which is contrary to the general rules of statutory construction. Cf. *Malloy v. State of New Jersey,* 388 A2d 622 (N.J. 1978) (the New Jersey Supreme Court refused to limit its licensing exception to its Tort Claims Act and render the provision surplusage in view of a preceding section in the Act which immunized a public entity from liability for discretionary activities). "[A] statute shall be construed so as to give full force and effect to all of its provisions and so as to reconcile any apparent conflicts. [Cits.]" *Head v. H. J. Russell Constr. Co.,* 152 Ga. App. 864, 865 (264 SE2d 313) (1980).

The state is only liable in tort actions within the limitations of the Georgia Tort Claims Act. OCGA § 50-21-21 (a). Since the Hills' lawsuit arises from the state's approval of a permit for the construction of the decorative wall, and this claim is specifically excluded by the Act, the DOT was entitled to summary judgment as a matter of law. See *Collier,* supra. Cf. *Mosier v. State Bd. of Pardons & Paroles,* 213 Ga. App. 545 (445 SE2d 535) (1994); *Howard,* supra.

2. The DOT's remaining enumeration of error concerning the application of the discretionary function exception to the Tort Claims Act is rendered moot in light of our opinion in Division 1.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 13, 1994 —
RECONSIDERATION DENIED JANUARY 12, 1995 — 

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General,* for appellant.
*Fuller & McKay, Kenneth C. Fuller,* for appellees.