A99A1198. LENNEN v. DEPARTMENT OF TRANSPORTATION.
(521 SE2d 885)

McMURRAY, Presiding Judge.

Plaintiff Ellen Lennen brought this tort action against the Georgia Department of Transportation ("DOT") seeking to recover for personal injuries sustained in an October 1996 mishap, when plaintiff's vehicle, traveling north on State Route 20 in Rockdale County, was struck by another vehicle traveling south on State Route 20 that was attempting to turn left (eastbound) onto Hi Roc Road. According to the complaint, DOT negligently designed the intersection without a "stop and go traffic signal or other traffic control devices," allegedly in violation of generally accepted engineering and design standards in effect at the time the intersection was designed. DOT also negligently designed and maintained this intersection "at a vertical crest which caused inadequate sight distance." Because of its alleged knowledge of other prior accidents at this same intersection, DOT was further negligent in failing to "reconsider its design and [thereafter] install traffic control devices." Filed contemporaneously with the complaint was the affidavit of Herman A. Hill, P.E., a professional engineer licensed in Georgia, who deposed that, in his opinion, the "geometric layout . . . produced deficient sight distance" resulting in a hazardous blind spot that momentarily and partially hid a northbound vehicle. Also, there was "severe sight distance restriction of southbound vehicles for crossing or turning vehicles from . . . Hi Roc Road," causing southbound drivers turning left "grave concern for rear end crash." In Engineer Hill's opinion, DOT was negligent in failing to provide adequate warning and control devices to regulate the flow of traffic at this intersection "as required by [American Association of State Highway & Transportation Officials] and [Manual on Uniform Traffic Control Devices] standards to moderate the deficient sight distance." Engineer Hill also opined that DOT was negligent in "failing to adhere to AASHTO standards for geometric design" at the time the passing lane project was prepared and constructed. Further, based upon a history of 44 accidents and 34 injuries since 1990, DOT

was negligent "in failing to respond to this obvious and known defective intersection."

DOT denied the material allegations of negligence and moved to dismiss the complaint on the ground that Engineer Hill's affidavit failed to satisfy the combined requirements of OCGA §§ 9-11-9.1 and 50-21-24 (10). The trial court granted DOT's motion to dismiss, concluding the affidavit was insufficient because it gave no time reference to the applicable engineering standards and also on the basis of sovereign immunity. This appeal followed. In 11 related enumerations of error, plaintiff complains of the dismissal of her complaint. *Held*:

1. OCGA § 9-11-9.1 (a) directs that, in any action alleging professional negligence, the plaintiff shall file an affidavit from a competent expert setting forth "specifically at least one negligent act or omission claimed to exist and the factual basis for such claim." "The process of building and designing roads requires engineering services which have been described as the performance of professional services within the purview of OCGA § 9-11-9.1. [Cits.]" *Dept. of Transp. v. Gilmore*, 209 Ga. App. 656, 657 (2) (434 SE2d 114). See OCGA § 9-11-9.1 (f) (19). Where and whether to install traffic lights or stop signs are design decisions, whereas whether to open a road without traffic lights is an operational decision. *Dept. of Transp. v. Brown*, 267 Ga. 6, 7 (1) (471 SE2d 849). Despite the enactment of the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., the State shall have no liability for losses resulting from the "plan or design for construction of or improvement to highways, roads, streets, bridges, or other public works where such plan or design is prepared in substantial compliance with generally accepted engineering or design standards *in effect at the time of preparation of the plan or design*." (Emphasis supplied.) OCGA § 50-21-24 (10). Consequently, an expert's OCGA § 9-11-9.1 affidavit opining that DOT was *professionally* negligent in planning, designing, operating, or maintaining highways, roads, streets, bridges or other public works must set forth specifically at least one negligent act or omission for which the State, through the DOT, can be responsible. Specifically, that affidavit must allege such plan, design, operation or maintenance was not in substantial compliance with generally accepted engineering or design standards *in effect at the time of preparation of the plan or design*, as required by OCGA § 50-21-24 (10). Compare *Drawdy v. Dept. of Transp.*, 228 Ga. App. 338, 339 (491 SE2d 521) (allegations of ordinary negligence in the repair and maintenance of roadway do not require OCGA § 9-11-9.1 affidavit). Nevertheless, because OCGA § 9-11-9.1 merely imposes a pleading requirement, such a statement may be a conclusion of the affiant. *Hewett v. Kalish*, 264 Ga. 183, 184 (1) (442 SE2d 233).

2. When the expert's affidavit is filed contemporaneously with the complaint, a plaintiff is allowed to supplement the affidavit if its sufficiency is challenged. *Porquez v. Washington*, 268 Ga. 649, 650-651 (1) (492 SE2d 665). In the case sub judice, plaintiff's expert supplemented his affidavit to depose that if, in 1988, the SR 20 northbound passing lane project was completed in compliance with the project design plans, then "those plans were not in compliance with AASHTO Geometric Design Policies for the period of 1965 to the present." This is certainly adequate to aver that DOT failed to comply substantially with the engineering standards applicable at the time this intersection was in fact planned and designed. See *Dept. of Transp. v. Brown*, 267 Ga. at 7-8 (2), supra, where the "expert testimony that some of DOT's actions and failures to act with regard to the intersection involved in [that] case violated generally accepted engineering standards," was sufficient to support a verdict against DOT, which defended on the basis of the OCGA § 50-21-24 (10) design standard exception. Consequently, the trial court in this case erred in dismissing plaintiff's complaint on the ground that her expert's affidavit was insufficient to meet the pleading requirements of OCGA § 9-11-9.1.

3. The question remains whether dismissal is correct for any reason. The underlying motion was not expressly treated as a motion for summary judgment, but even if it were, the existence of conflicting expert testimony as to whether DOT complied with the applicable engineering standards would preclude the total grant of summary judgment, based on the record before us. *Dept. of Transp. v. Brown*, 267 Ga. at 7-8 (2), supra, affirming the denial of a directed verdict.

*Judgment reversed. Ruffin, J., concurs. Andrews, P. J., concurs in the judgment only.*

DECIDED AUGUST 30, 1999.

*James A. Shea, Jr.*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Robert C. Edwards, Assistant Attorney General*, for appellee.