A99A1104. MURRAY et al. v. DEPARTMENT OF
TRANSPORTATION.
(523 SE2d 367)

PHIPPS, Judge.

Willie and Helen Murray sued the Georgia Department of Transportation ("DOT") for the wrongful death of their son, Willie Murray III, who died in an automobile collision on State Highway 216. The Murrays claimed that the DOT's negligence in planning and designing Highway 216 was a proximate cause of their son's death. The trial court, without elaboration, granted the DOT's motion for summary judgment, although the Murrays filed an expert's affidavit in support of their claim that the DOT negligently planned and designed the highway. The DOT claims that the Murrays' expert, John Glennon, is not competent to testify about generally accepted engineering standards in effect on March 11, 1940, when Highway 216's design was completed. Without Glennon's testimony, the Murrays have presented no evidence that the DOT failed to conform to these generally accepted standards, and in such case, the DOT is immune from liability under the doctrine of sovereign immunity. If Glennon's affidavit is competent testimony, however, summary judgment was improper.

If the pleadings, depositions, answers to interrogatories and admissions, together with affidavits, establish a genuine issue of material fact, then the DOT cannot prevail in its motion for summary judgment. OCGA § 9-11-56 (c). But if the DOT can show that there is no evidence sufficient to create a jury issue as to any essential element of a claim, then the DOT is entitled to summary judgment on that claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Sovereign immunity is a threshold issue. The Georgia Tort Claims Act provides that the State has no liability for the plan or design of a highway if the plan or design was "in substantial compliance with generally accepted engineering or design standards in effect at the time of preparation of the plan or design." OCGA § 50-21-24 (10).

Road design requires professional engineering services. See *Dept. of Transp. v. Gilmore*, 209 Ga. App. 656, 657 (2) (434 SE2d 114) (1993). Unless the Murrays can produce an engineer's competent testimony that the DOT's design for Highway 216 was not in substantial compliance with the applicable engineering and design standards,

their claim cannot withstand the DOT's motion for summary judgment.

Glennon is competent to testify as an expert if he can show through education, training, or experience that he has special knowledge concerning the matters on which he is testifying. *Gibbs v. Abiose*, 235 Ga. App. 214, 217 (508 SE2d 690) (1998). Glennon testifies in his affidavit that he has personal knowledge of the generally accepted engineering and design standards in effect at the time Highway 216 was designed, and that the DOT did not design the highway in substantial conformity with those standards. The DOT's position is that, because applicable nationally published standards (entitled "A Policy on Intersections at Grade") were not approved until seven months after the design of the highway, Glennon has no basis for ascertaining the generally accepted engineering or design standards in effect at the time Highway 216 was designed and therefore is not competent to testify. We find this argument unpersuasive.

The DOT presented a similar argument involving the competence of expert testimony in *Dept. of Transp. v. Brown*, 267 Ga. 6, 7-8 (2) (471 SE2d 849) (1996). In *Brown*, the Supreme Court of Georgia considered the DOT's argument that expert testimony was not admissible to prove design standards if no written standards addressed the design question in issue. Id. at 8. The court noted that "[t]he design standard exception [of the Tort Claims Act] does not make reference to [the Manual on Uniform Traffic Control Devices]; it refers to 'generally accepted engineering or design standards.'" Id. The court affirmed the admissibility of expert testimony to prove unpublished design standards. Here, the DOT cannot show that there were no generally accepted design or plan standards in effect at the time Highway 216 was designed, only that there were no existing nationally published standards.

*Brown* establishes that Glennon may testify about generally accepted engineering or design standards, even if unpublished, but the DOT may still show Glennon is not a competent expert by presenting undisputed evidence that Glennon has no personal knowledge, through his education, training or experience, of the applicable standards. This was the case in *Daniels v. Dept. of Transp.*, 222 Ga. App. 237 (474 SE2d 26) (1996) (physical precedent only). *Daniels* arose out of the same collision that resulted in the death of the Murrays' son. In *Daniels*, the plaintiff's expert[1] testified in a deposition that his "education, background, experience and opinion in this case concerning the specific standards applicable to the highway intersection were based on one document titled 'A Policy on Intersections at

---

[1] John Glennon, who is also the Murrays' engineering expert.

Grade' . . . [which was] not approved until . . . *after* the design plans in this case were finalized." (Emphasis in original.) Id. at 238.

In *Daniels*, undisputed evidence established that the expert's testimony was not admissible to show "generally accepted engineering or design standards" in effect when the highway was designed. 222 Ga. App. at 238. See also *Lynch v. Ga. Power Co.*, 185 Ga. App. 256, 258 (1) (363 SE2d 777) (1987) (expert opinion based solely on inadmissible private guidelines has no probative value).

There is, however, no evidence presented here that the expert relied solely on a document that postdated the highway design. The Murrays have submitted Glennon's testimony by affidavit, and a statement in an affidavit that it is based on personal knowledge is generally sufficient. *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259 (174 SE2d 178) (1970). Glennon's affidavit states that he has personal knowledge of the generally accepted engineering and design standards in effect at the time design of Highway 216 was completed. His extensive professional credentials are attached to the affidavit. The affidavits submitted by the DOT establish only that there is conflicting expert testimony, which is not sufficient to show there is no triable issue of fact. *Lennen v. Dept. of Transp.*, 239 Ga. App. 729 (521 SE2d 885) (1999).

Because we find Glennon's affidavit is competent testimony, the Murrays have presented evidence sufficient to present a question of triable fact for a jury. The DOT is not entitled to summary judgment.

The Murrays have set forth enumerations of error regarding the trial court's interpretation of OCGA §§ 32-1-3 (6) and 50-21-24 (8). The Murrays argue that the trial court erred by ruling that the term "construction" as contained in OCGA § 32-1-3 (6) does not require the DOT to adhere to generally accepted standards then in effect at the time of "striping" or "widening" the highway. The Murrays maintain that a plan or design for a moderate road improvement, such as striping, must take into account broader issues such as traffic control devices and signs to be afforded the protection of the Georgia Tort Claims Act. We find that plans or designs for striping or widening a road need only be in conformity with then existing standards for striping and widening and need not address design issues outside the scope of the moderate improvements.

The Murrays' final enumeration of error, that the trial court misapplied OCGA § 50-21-24 (8), is misplaced. We do not find a claim of negligent inspection mentioned in the complaint or in the briefs submitted to the trial court. We find the question was not before the trial court and need not be decided on appeal.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 6, 1999 —

*Donaldson, Bell & Pickett, George P. Donaldson III, McCall & Finney, Earl McCall,* for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Richard N. Sheinis, Jennifer D. Roorbach, Assistant Attorneys General,* for appellee.