A00A1568. DEPARTMENT OF TRANSPORTATION v. COX.
A00A1569. DEPARTMENT OF TRANSPORTATION v. CAMERON.
(540 SE2d 218)

ELLINGTON, Judge.

We granted the Georgia Department of Transportation ("DOT") an interlocutory appeal in both of these cases to review whether the trial court erred in denying its motions for summary judgment. On February 15, 1996, Elizabeth Cox, the driver of an automobile, and her passenger, Michael Cameron, were injured when they were struck by a driver who failed to yield while turning left into a commercial driveway off Highway 34 in Newnan. Cox and Cameron argue that the configuration of the four-lane, divided highway at the commercial driveway contributed to the accident. They present identical negligent road design and permitting claims which DOT argues are barred by statutory exceptions to the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. Because these appeals arise from the same

---

[9] *Muldawer v. Stribling*, 243 Ga. 673, 676 (256 SE2d 357) (1979).

incident and involve the same facts and principles of law, we consolidate them. For the reasons which follow, we find that DOT is immune from Cox's and Cameron's claims and is entitled to summary judgment. Consequently, we must reverse the trial court's orders.

In reviewing the grant or denial of summary judgment, we apply a de novo standard of review. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). Further,

> [a] movant/defendant must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. A movant/defendant may discharge his burden by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the non-moving party's case. If the moving party discharges this burden, the non-moving party cannot rest on its pleadings, but rather, must point to specific evidence giving rise to a triable issue. Summary judgment is appropriate when the court, viewing all the facts and reasonable inferences flowing therefrom in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each element of the case.

(Citations and punctuation omitted.) *Daniels v. Dept. of Transp.*, 222 Ga. App. 237 (474 SE2d 26) (1996) (physical precedent only). As we recently reiterated, "[s]overeign immunity is a threshold issue." *Murray v. Dept. of Transp.*, 240 Ga. App. 285 (523 SE2d 367) (1999). Therefore, if DOT can meet its burden of showing that it is exempt from liability on each of Cox's and Cameron's claims, then DOT is entitled to summary judgment as a matter of law. Id.

Cox and Cameron make the following claims: (1) DOT should have reconfigured the roadway to eliminate allegedly dangerous and defective conditions at the driveway based upon the number of accidents that occurred there after the shopping center and driveway were built; (2) DOT delayed issuing a permit for a traffic signal in front of the shopping center; and (3) DOT was negligent in issuing a permit to build the commercial driveway into the shopping center. DOT contends that it has no liability for losses resulting from these claims by virtue of the statutory exceptions to the State's waiver of sovereign immunity found in OCGA § 50-21-24 (9) (permit claims) and (10) (negligent design claims). We agree.

With respect to Cox's and Cameron's negligent design claims, Georgia law provides that the State has no liability for losses resulting from

> [t]he plan or design for construction of or improvements to

highways, roads, streets, bridges, or other public works where such plan or design is prepared in substantial compliance with generally accepted engineering or design standards in effect at the time of preparation of the plan or design.

OCGA § 50-21-24 (10). Not only does this provision exempt DOT from liability for highway design deficiencies where the highway was initially designed in substantial compliance with existing design standards, it exempts DOT from liability "for its failure to upgrade a highway to meet current design standards." *Daniels*, 222 Ga. App. at 239 (2). As we explained:

In determining the extent of the DOT's liability under the Georgia Tort Claims Act, we must construe its provisions in a manner that will uphold it in every part. Under this rule of construction, we find that if the DOT is exempt from liability for its initial design of a highway under the Georgia Tort Claims Act, it would make little sense to permit liability for failing to change that initial design. Allowing liability in such cases would effectively eliminate the protection provided the DOT under OCGA § 50-21-24 (10).

(Citation omitted.) Id.

In the instant cases, DOT presented the following unrebutted evidence: The roadway, including the median opening where the accident occurred, was designed in 1969. From 1969 until the time of the accident, the roadway and median remained unchanged.[1] DOT's expert opined that the design of the roadway and median substantially complied with generally accepted engineering and design standards in effect in 1969. Neither Cox nor Cameron presented expert testimony on whether the roadway failed to substantially comply with the engineering standards then applicable. In fact, their expert, who did not know when the roadway was built, agreed that the roadway likely complied with the standards in effect when it was built. Instead, the expert opined that changed conditions demanded road improvements, including offset turn lanes and a traffic signal. This claim, as we explained above, must fail. *Daniels*, 222 Ga. App. at 239 (2).

Cox and Cameron also argue that the design of the roadway and

---

[1] Although there was some construction underway at the shopping center at the time of the accident, there is no evidence that DOT was involved in that work or that the work was in the roadway. Rather, the record shows that the shopping center owner was reconfiguring its private drive. DOT did not begin construction on the roadway and median opening until March 29, 1996, a month after the accident.

median opening should be measured against 1992, rather than 1969, design standards for two reasons: DOT resurfaced the road in 1992, and a DOT district engineer proposed making improvements to the roadway median opening in 1992. We find this reasoning flawed. As a DOT engineer explained, roadway resurfacing, which OCGA § 32-1-3 (15) categorizes as "maintenance," does not usually involve a change to the geometric layout of the roadway. During the resurfacing, DOT made no changes to the road or median configuration. Also, when DOT resurfaces a road, it is not required to address roadway design issues outside the scope of the resurfacing project. See *Murray*, 240 Ga. App. at 287. Since there is no evidence in this case that DOT altered the initial roadway design in any way since the road was built, 1969 design standards apply.

Further, 1992 engineering standards are not applicable simply because a DOT engineer *proposed* redesigning the roadway in 1992 or because plans were shortly thereafter drafted. For reasons similar to those we articulated in *Daniels*, we find that if the DOT is exempt from liability for its initial design of a highway under the Georgia Tort Claims Act, it would make little sense to impose liability whenever a DOT engineer informally suggests or formally plans to improve that design. Allowing liability in such cases would effectively eliminate the protection provided the DOT under OCGA § 50-21-24 (10). Moreover, vitiating the immunity provided by this Code section any time a DOT engineer proposes roadway improvements could have a chilling effect on those charged with the duty to improve our highway system. Consequently, we reject Cox's and Cameron's argument that the roadway's design should have been measured against 1992 standards.

We also find that DOT is exempt from liability for any losses attributed to either its issuing a permit to the shopping center owner to build a commercial driveway across from the median opening where the accident occurred or to the alleged delay in issuing the City of Newnan a permit to install a traffic signal at that driveway. OCGA § 50-21-24 (9) provides that the state has no liability for losses resulting from its

> [L]icensing powers or functions, including, but not limited to, the issuance, denial, suspension, or revocation of or the failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, approval, order, or similar authorization.

In a case analogous to this one, we held that DOT was exempt from liability under OCGA § 50-21-24 (9) for issuing a permit for the construction of a decorative brick wall. *Dept. of Transp. v. Bishop*, 216 Ga. App. 57 (1) (453 SE2d 478) (1995). The wall in that case allegedly

contributed to an accident by obstructing the driver's view of oncoming traffic. Id. In *Bishop*, we held as follows:

> The state is only liable in tort actions within the limitations of the Georgia Tort Claims Act. OCGA § 50-21-21 (a). Since the . . . lawsuit arises from the state's approval of a permit for the construction of the decorative wall, and this claim is specifically excluded by the Act, the DOT was entitled to summary judgment as a matter of law.

Id. at 58 (1). The rationale in *Bishop* applies with equal force to the facts of this case. DOT is entitled to summary judgment on those claims arising out of the State's issuance of the commercial driveway construction permit and arising out of the State's alleged refusal to timely issue a permit for a traffic signal.

Because DOT was exempt from liability for Cox's and Cameron's claims, the trial court erred in denying its motions for summary judgment.

*Judgments reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 3, 2000.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, David B. Fife, Assistant Attorney General, Susan J. Levy*, for appellant.

*Kam & Ebersbach, Michael G. Kam, William J. Stemberger, Jr.*, for appellees.