**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 6, 2014**

# In the Court of Appeals of Georgia

A14A1203. GONZALEZ v. GEORGIA DEPARTMENT OF TRANSPORTATION.

ANDREWS, Presiding Judge.

Alexia A. Gonzalez was a passenger in an automobile being driven on Interstate 16 in Candler County when the driver lost control in rainy weather, and the automobile left the road and crashed into an adjacent tree. Gonzalez, who was injured in the single-vehicle accident, sued the Georgia Department of Transportation (DOT) claiming that the driver lost control when the automobile hydroplaned on rain water, and that the DOT proximately caused the accident and her injuries by negligently breaching a duty to construct, maintain, or improve the cross-slope design of Interstate 16 so that the rain water would have drained from the roadway and prevented the automobile from hydroplaning

The DOT answered and filed two motions: (1) a motion to dismiss the suit pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction on the basis that the DOT was immune from the negligence claims under the design standards exception to the State's waiver of sovereign immunity set forth in OCGA § 50-21-24 (10) of the Georgia Tort Claims Act; and (2) a motion for summary judgment on the basis that: (a) there was no evidence that the DOT was negligent, or (b) there was no basis to find that any negligent act or omission by the DOT was a proximate cause of the accident. Without ruling on the DOT's motion asserting sovereign immunity from the negligence claims, the trial court granted the DOT's motion for summary judgment on the merits of the negligence claims. The trial court found a lack of sufficient evidence to create a jury issue as to whether "standing water" on the roadway caused the automobile to hydroplane, and essentially ruled as a matter of law that Gonzalez failed to prove that any alleged DOT negligence was a proximate cause of the hydroplaning accident. Gonzalez appeals from this ruling arguing that her negligence claims were not necessarily based on evidence of "standing water" on Interstate 16, but on insufficient cross-slope to adequately drain falling rain water from the roadway. In response, the DOT argues that the trial court's order granting summary judgment should be affirmed on various other grounds not

2

addressed in the court's order – including an inadequate evidentiary basis for testimony from Gonzalez's expert on road design that the driver lost control because the automobile hydroplaned.

For the following reasons, we decline to address the merits of the negligence issues presented in this appeal; we vacate as premature the trial court's order granting the DOT's motion for summary judgment on the merits of the negligence claims; and we remand the case to the court to address the threshold issue presented by the DOT's motion to dismiss the suit on the basis of sovereign immunity.

Whether the DOT is entitled to sovereign immunity from the suit on the basis of the design standards exception in OCGA § 50-21-24 (10), as asserted in the DOT's motion to dismiss, "is a threshold issue that the trial court was required to address before reaching the merits of any other argument." *Albertson v. City of Jesup*, 312 Ga. App. 246, 248 (718 SE2d 4) (2011); *Sadler v. Dept. of Transp.*, 311 Ga. App. 601, 603 (716 SE2d 639) (2011); *State Dept. of Corrections v. Developers Sur. & Indem. Co.*, 324 Ga. App. 371, 374 (750 SE2d 697) (2013). As a threshold matter, if the DOT is entitled to immunity under the provisions of OCGA § 50-21-24 (10), then the trial court lacks subject matter jurisdiction to try the negligence claims, and the suit must

be dismissed. *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 670-676 (570 SE2d 1) (2002).

*Judgment vacated and case remanded. McFadden and Ray, JJ., concur.*