**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 17, 2014**

# In the Court of Appeals of Georgia

A14A0887. DEPARTMENT OF TRANSPORTATION v. JARVIE  DO-045
   et al.

DOYLE, Presiding Judge.

The Georgia Department of Transportation ("DOT") appeals from the denial of its motion to dismiss a lawsuit filed by the surviving children of William Jarvie, who died as a passenger in a collision with a construction vehicle on Interstate 95. The DOT contends that the trial court erred by ruling that it was not entitled to sovereign immunity, arguing that the licensing powers exception to the waiver of immunity under the Georgia Tort Claims Act ("GTCA") prohibits liability for the DOT's approval of a construction methodology proposed and designed by an independent contractor. For the reasons that follow, we reverse.

"We review de novo a trial court's denial of a motion to dismiss based on sovereign immunity grounds, which is a matter of law. However, factual findings by the trial court in support of its legal decision are sustained if there is evidence authorizing them."[1]

The record shows that in 2007, the DOT awarded a contract to Plant Improvement Company, Inc., d/b/a Seaboard Construction Company ("Seaboard") to act as the general contractor for a road-widening project on Interstate 95. The project involved installing large quantities of aggregate rock to construct the road bed, so Seaboard submitted a written request for permission from the DOT to stockpile aggregate material in the highway median. The DOT responded in a letter giving Seaboard permission to construct a stockpile area subject to certain conditions, including that Seaboard submit a traffic control plan for DOT approval. Although the traffic control plan has not been located during this litigation, it is undisputed that the DOT ultimately approved Seaboard's request to stockpile the material in the median.

The plaintiffs allege that in April 2009, Jarvie was a passenger in a vehicle traveling in the left lane on Interstate 95 when the vehicle collided with a dump truck

---

[1] (Punctuation omitted.) *Ga. Dept. of Corrections v. James*, 312 Ga. App. 190, 193 (718 SE2d 55) (2011).

2

entering the highway from the median at the material storage area. The dump truck was driven by Jeffrey Wallace, an operator working for Flo Jo, a subcontractor of Seaboard. The plaintiffs sued Wallace, Flo Jo, Seaboard, and the DOT for each party's role in causing Jarvie's death. With respect to the DOT, the plaintiffs allege that the DOT negligently designed, constructed, and maintained the construction vehicle access and egress to the interstate median. In particular, the complaint alleges that the stockpile site lacked certain safety features such as acceleration or deceleration lanes for construction vehicles, dust control measures, proper warning signs, adequate field monitoring, and appropriate operating hours.

After filing an answer and conducting discovery, the DOT moved to dismiss the complaint on sovereign immunity grounds. Following a hearing, the trial court denied the motion in a one-sentence order, giving rise to this appeal.[2]

"Under Georgia law . . . sovereign immunity has constitutional status, and that immunity may be waived only by an act of the General Assembly or by the

---

[2] The trial court's denial of the DOT's motion is directly appealable pursuant to the collateral order doctrine. See *Bd. of Regents &c. Ga. v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009).

3

Constitution itself."[3] "[A]ny waiver of sovereign immunity must be established by the party seeking to benefit from that waiver,"[4] and the plaintiffs here rely on the GTCA.[5]

In the GTCA, the General Assembly has waived the State's immunity "for the torts of [S]tate officers and employees while acting within the scope of their official duties or employment . . . [but] only to the extent and in the manner provided in [the GTCA]."[6] Pertinent to this case, the GTCA contains the following exceptions to the waiver of immunity:

The [S]tate shall have no liability for losses resulting from: . . .

    (8) *Inspection powers or functions*, including failure to make an inspection or making an inadequate or negligent inspection of any property other than property owned by the state to determine whether the property complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety;

---

[3] *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 472 (2) (759 SE2d 804) (2014).

[4] (Punctuation omitted.) *Ratliff v. McDonald*, 326 Ga. App. 306, 309 (1) (756 SE2d 569) (2014).

[5] OCGA §§ 50-21-20 to 50-21-37.

[6] OCGA § 50-21-23 (a) & (b).

(9) *Licensing powers or functions*, including, but not limited to, the issuance, denial, suspension, or revocation of or the failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, approval, order, or similar authorization; [or]

(10) *The plan or design for construction of or improvement* to highways, roads, streets, bridges, or other public works where such plan or design is prepared in substantial compliance with generally accepted engineering or design standards in effect at the time of preparation of the plan or design. . . .[7]

Here, the plaintiffs' theory of the DOT's liability is, in essence, that the DOT negligently allowed Seaboard to design, install, and use a dangerous stockpile area in the interstate median. As an initial matter, we note that the GTCA's waiver of immunity does not include torts committed by independent contractors,[8] so the DOT is not subject to suit for the conduct of its contractors, such as negligently designing the stockpile area's traffic plan or negligently driving the truck which caused Jarvie's death. The DOT's role here amounted to approving Seaboard's request to stockpile

---

[7] (Emphasis supplied.) OCGA § 50-21-24.

[8] See OCGA § 50-21-22 (7) ("'[S]tate officer or employee' . . . does not include an independent contractor doing business with the state."). See also *Johnson v. Ga. Dept. of Human Resources*, 278 Ga. 714, 717 (2) (606 SE2d 270) (2004) ("The Georgia General Assembly has spoken by removing from the pool of State employees covered by the [GTCA] independent contractors. . . .").

5

the material in the median and monitoring compliance with the conditions of that approval.

With respect to approving the stockpile area and traffic plan,[9] this case is analogous to *Reidling v. City of Gainesville*.[10] In that case, the DOT designed a parkway construction project and oversaw its construction by an independent contractor.[11] The contractor responsible for disposal of excess fill material asked the DOT if it could dispose of fill material on other property owned by the city. The request was ultimately approved, and a large amount of fill material was deposited on the property. After some time, a severe rain storm inundated the area with rain, and the newly elevated disposal site no longer functioned as a flood plain for a nearby creek, allegedly causing flooding on residential property. The property owners sued the DOT. This Court held that immunity was waived for a negligent design claim

---

[9] The plaintiffs argue that because the traffic plan has not been located there is a fact question as to whether the traffic control plan met engineering and other applicable standards such that immunity is waived under OCGA § 50-21-24 (10). But even if the plan was deficient, this does not change the nature of the DOT's conduct, which was to approve the plan created by Seaboard. Such approval is within the licensing powers exception to immunity under OCGA § 50-21-24 (9).

[10] 280 Ga. App. 698, 703 (1) (634 SE2d 862) (2006).

[11] See id. at 699-700.

6

because there was evidence the DOT failed to meet generally accepted engineering and design standards when it designed the project without any disposal site.[12] But the Court also held that, pursuant to OCGA § 50-21-24 (9), the DOT maintained immunity for claims that it negligently approved the disposal site.[13]

Here, the plaintiffs' claim is predicated on the stockpile area itself, not the design of the project as a whole. The plaintiffs' expert witness, a former DOT project engineer, reviewed the project and stated that he had no criticisms of the overall design plans on the project. Instead, his critique focused on the stockpile plan itself. With respect to that plan, it is undisputed that Seaboard (not the DOT) was responsible for the design and construction of the stockpile plan. The stockpile location was proposed by Seaboard after the design process to save time and to "help coordinate the heavy rail movements which will be required to receive this amount of [road construction] material." Thus, the DOT's role was limited to reviewing and approving the stockpile location and traffic plan designed and proposed by Seaboard.

---

[12] See id. at 702-703 (1). See also OCGA § 50-21-24 (10).

[13] See *Reidling*, 280 Ga. App. at 703 (1).

Accordingly, pursuant to OCGA § 50-21-24 (9), the DOT is immune from liability resulting from the decision to approve the stockpile plan.[14]

The plaintiffs argue that the DOT's on-site monitoring of the construction operations, including at least one instance of penalizing Seaboard for crossing the median in an unapproved location , amounts to inspection of State property not covered by the inspection powers exception.[15] But the conduct in this case amounts to oversight of construction activities for purposes of administering the contract, and it does not amount to an inspection of State property for regulatory compliance or safety hazards as contemplated by the language of OCGA § 50-21-24 (8). Absent a clear legislative directive, we decline to extend the waiver of sovereign immunity to

---

[14] See *Dept. of Transp. v. Kovalcik*, 328 Ga. App. 185, 190-191 (1) (b) (761 SE2d 584) (2014) ("to the extent that any of the [plaintiffs'] claims are predicated on the DOT's improper authorization of the plans or the project, the DOT is immune"); *Reidling*, 280 Ga. App. at 703 (1). We find the factual scenario before us distinct from that in *Kovalcik*, which involved inspecting a completed state roadway project with an allegedly hazardously designed curb and left turn lane. Here, the DOT's relevant on-site conduct was monitoring the method of construction as previously approved.

[15] Compare *Magueur v. Dept. of Transp.*, 248 Ga. App. 575, 577 (547 SE2d 304) (2001) (DOT immune for negligently inspecting construction plans and construction site on *county* road project).

include independent contractors's conduct[16] even if a State actor in some way attempts to ensure that contractors are operating safely on a State-approved project.

We emphasize that our conclusion is premised on the fact that the plaintiffs' claims are not based on a failure to detect during a project inspection a hidden defect or a deviation from approved plans or regulatory standards. Rather, the plaintiffs' claims arise from the obvious risks associated with the decision to locate the stockpile in the median. "Nomenclature notwithstanding, the substance of a claim must be considered, and a party cannot do indirectly what the law does not allow to be done directly."[17] The plaintiffs' seek to recover for the DOT's decision to allow stockpiling in the median. Whether that was a good or bad decision, the DOT's conduct in this case falls within the exception to the immunity waiver in the GTCA.[18]

---

[16] The plaintiffs raise no issue regarding the independent contractor status of Seaboard or its subcontractors.

[17] (Punctuation omitted.) *Sommers Oil Co. v. Ga. Dept. of Agriculture*, 305 Ga. App. 330, 332 (699 SE2d 537) (2010) (State agency is immune from suit predicated on State employee's collusion in fraudulent inspection of fuel pumps).

[18] See *Murray v. Ga. Dept. of Transp.*, 284 Ga. App. 263, 266 (2) (644 SE2d 290) (2007) (physical precedent only) ("the [licensing powers] exception grants broad immunity for losses resulting from virtually any action the State DOT could take regarding the authorization" to install a traffic light); *Dept. of Transp. v. Bishop*, 216 Ga. App. 57, 58 (1) (453 SE2d 478) (1994) (DOT immune from claim arising from approval of permit to build decorative wall).

9

*Judgment reversed. Miller and Dillard, JJ., concur.*